IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MATTHEW T.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-337**    (Fam. Ct. Wood Cnty. Case No. FC-54-2016-D-2)

**ERINA P.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Matthew T. ("Father")[1] appeals the Family Court of Wood County's July 21, 2025, order of modification denying his petition for contempt and dismissing his petition for modification and the family court's subsequent corrected order entered August 26, 2025. Respondent Erina P. ("Mother") filed a response in support of the family court's order.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating, in part, affirming, in part, and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties share one minor child who was born in 2015. The family court granted the parties' divorce by final order entered on April 26, 2016. In this divorce order, the court granted the parties nearly equal allocation of custodial responsibility of the minor child and ordered a parenting plan following a 2/2/3 parenting schedule. Due to the child starting school, the court entered an agreed order of modification on November 13, 2020, modifying the previous parenting plan by ordering that Father exercise his custodial time on alternate weekends from Thursday at 6:00 p.m. until Monday morning when he would return the child to school or at 6:00 p.m. if school was not in session. Additionally, the court granted Father custodial time with the child every Thursday from 6:00 p.m. through Friday

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Gabrielle R. Flanagan, Esq. Mother is represented by C. Blaine Myers, Esq.

1

at 6:00 p.m. The court further ordered the parties to follow a week-on, week-off parenting schedule during the summers when school was not in session.

By order entered July 9, 2021, the court modified the November 13, 2020, parenting plan by eliminating Father's weekly Thursday overnight custodial time, but granted Father custodial time with the child every Thursday from 4:00 p.m. until 8:00 p.m. The court further modified Father's alternating weekend schedule to Friday at 6:00 p.m. until Monday when he returned the child to Mother for school or at 6:00 p.m. if school was not in session.

On or about September 5, 2024, Father filed a petition for modification, along with a proposed parenting plan, and a petition for contempt in which he alleged that Mother had relocated without providing proper notice and asserted that the current parenting plan was not working as contemplated and was harmful to the child. Father also alleged that he had suffered a traumatic brain injury resulting from a motor vehicle accident and, consequently, he was no longer able to continue working on a full-time basis. In his proposed parenting plan, Father would have primary custodial responsibility of the child, with Mother exercising custodial responsibility only on alternate weekends. Mother filed her notice of relocation on September 13, 2024.

On February 11, 2025, the family court conducted a hearing on Father's petitions for modification and contempt. By order entered February 21, 2025, the family court found that Father's request for substantive changes to the parenting plan on a temporary basis would not be appropriate pending the taking of evidence. However, as a result of Mother's relocation, the court modified the parties' existing parenting plan by extending Father's Thursday custodial time to 4:30 p.m. until 8:30 p.m., changing the exchange location, and rescinding the requirement that Father keep the child in Wood County preceding school on Mondays. Further, the court ordered that in lieu of appointing a guardian ad litem for the child as requested by the parties, it would conduct an in-camera interview with the child. Finding that Mother did not engage in willful or contumacious violations of the court's prior orders, the court dismissed Father's petition for contempt.

At a status hearing on March 31, 2025, the court conducted an in-camera interview of the child, then nine years old. Based upon that interview and the representations of the parties, the court temporarily modified the parenting plan by changing Father's weekly non-overnight allocation of custodial responsibility from Thursdays to Wednesdays.

On May 19, 2025, the family court conducted a final evidentiary hearing on Father's petition for modification. By final order entered July 21, 2025, the court found that the temporary modifications to the parenting plan ordered during the pendency of the proceeding and those to which the parties agreed as of the date of the final hearing were in the best interests of the child and modified the parenting plan accordingly. However, the court found that any additional changes Father sought in his petition for modification were

not in the child's best interests and denied his petition. Father appealed the final order to this Court on August 20, 2025. However, the family court entered a corrected final order on August 26, 2025. On September 18, 2025, Father moved this Court to allow him to amend his notice of appeal to include the corrected order. This Court granted Father's motion by order entered September 26, 2025. Father now appeals these two family court orders denying both his petition for modification and petition for contempt.

In reviewing the order of a family court, we apply the following standards of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders). Further, as to a family court's rulings on civil contempt matters, we apply the same standard of review as the Supreme Court of Appeals of West Virginia ("SCAWV"):

> In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syl. Pt. 1, *Carter v. Carter,* 196 W. Va. 239, 470 S.E.2d 193 (1996).

"In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation modified). Further, "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). "Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently." *Amanda A. v. Kevin T.,* 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013).

3

On appeal, Father raises eight assignments of error, several of which are similar, or closely related, that we have consolidated where appropriate for efficiency and clarity of our review. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling).

First, Father argues that the family court erred by failing to find Mother in civil contempt and by dismissing his petition for contempt because Mother both violated the court's prior orders and moved to a new residence with the child without first following the relocation requirements set forth in West Virginia Code § 48-9-403 (2021).[3] Father further asserts that Mother's relocation impaired and negatively affected the child because the relocation resulted in the child having a longer daily commute to and from school. The family court, however, found that the provisions of West Virginia Code § 48-9-403(b) were "not applicable" because Mother's "relocation was to a residence closer to [Father's] residence . . . and did not limit or impair the ability of both parents to exercise allocation of custody under the existing Parenting Plan."[4] We are unpersuaded by Father's arguments.

In *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the SCAWV acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." However, the family court's enforcement of such orders is discretionary. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013); *see also Joshua T. v. Angela M.*, No. 22-ICA-221, 2023 WL 2366493, at *2 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). As the family court is afforded such discretionary authority, we conclude that the family court's decision not to grant Father's petition for contempt related to Mother's move is neither clearly erroneous nor an abuse of discretion.

Next, Father contends that the family court erred by denying the petition for modification as there had been a substantial change in circumstances and that the family court's order failed to reflect a satisfactory best-interest-of-the-child analysis.[5] Father

---

[3] Mother filed a Notice of Relocation after Father filed his petition for contempt even though she had already relocated.

[4] Contrary to the family court's finding, West Virginia Code § 48-9-403 applies in this situation, and Mother should have complied with its requirements before relocating. *See* W. Va. Code § 48-9-403(b). While the family court erred by finding otherwise, in this case, the court's error is harmless given its discretionary authority in civil contempt matters.

[5] The family court held that, while it denied Father's petition to modify, agreed provisions and minor modifications were incorporated into the parenting plan. *See* W. Va. Code § 48-9-402(a) & (b)(2).

argues that the family court erred by failing to modify the parenting plan in accordance with the rebuttable presumption of 50-50 custodial allocation, and even if the presumption was rebutted, asserts that the court did not award a parenting plan that maximized the custodial time of both parties. Given deficiencies in the July 21, 2025, modification order, we are unable to fully resolve this argument.

Modifications of child custody based upon a "substantial change in circumstances" are governed by West Virginia Code § 48-9-401 (2022).[6] This statute requires two components to modify a previous permanent parenting plan: 1) a substantial change in circumstance, and 2) that modification must be in the best interests of the child. The burden is on the party seeking the modification to establish a substantial change of circumstances. *See Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987) (holding that the burden of proof is on the parent seeking to modify the parenting plan). The substantial change in circumstances must be based on "facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order." W. Va. Code § 48-9-401(a).

In addition to identifying a substantial change in circumstances, modification of a parenting plan is also subject to the children's best interests. Equal custodial allocation is presumed to be in the best interest of the child. *See* W. Va. Code § 48-9-102a (2022). Furthermore, West Virginia Code § 48-9-102 (2022)[7] establishes the objective and best

---

[6] West Virginia Code § 48-9-401 (2022) provides, in part, as follows:

Except as provided in § 48-9-402 or § 48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

[7] West Virginia Code § 48-9-102 states:

(a) The primary objective of this article is to serve the child's best interests by facilitating:
(1) Stability of the child;
(2) Collaborative parental planning and agreement about the child's custodial arrangements and upbringing;
(3) Continuity of existing parent-child attachments;
(4) Meaningful contact between a child and each parent, and which is rebuttably presumed to be equal (50-50) custodial allocation of the child;
(5) Caretaking and parenting relationships by adults who love the child, know how to provide for the child's needs, and who place a high priority on doing so;

interest standard governing all child custody and parenting plan determinations. When determining the best interests of a child, "all relevant factors must be considered, and the family court must make adequate findings of fact and conclusions of law to support its decision and to allow for meaningful appellate review." *Stacey J. v. Henry A.*, 243 W. Va. 150, 158-59, 842 S.E.2d 703, 711-12 (2020). In matters such as the one before us, "the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 1, in part, *State ex rel. Cash v. Lively,* 155 W. Va. 801, 187 S.E.2d 601 (1972) (quotation omitted).

Here, Father's petition to modify relied on Mother's relocation and his accident-related traumatic brain injury as a substantial change in circumstances. Father contends that these events were not anticipated in the prior permanent parenting plan order and constitute grounds for a modification based upon a substantial change in circumstances. Father further proposes that the parenting plan be reversed, with Father having primary custodial responsibility, and Mother exercising custodial time with the child on weekends during the school year.

Although the family court does find that there had been a "significant" change in circumstances since the entry of the July 9, 2021, order of modification due to Mother's new job, the child's transfer to a new school (at which Mother is an employee), and Mother and the child's relocation, the family court failed to make an express finding on the record or in its order on whether a *substantial* change of circumstances for purposes of West Virginia Code § 48-9-401 has occurred. The SCAWV has said that to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996).

Here, the family court considered the prior proceedings, all testimony adduced from the parties, and the in-camera interview of the child and ultimately denied the petition for modification as it was not in the best interest of the child. Upon review of the record, we find that the family court's "significant" change in circumstances finding in the July 21, 2025, modification order is insufficient for our review. It is unclear whether the family court found that the child's transfer to a different school, Mother's relocation, and Father's

(6) Security from exposure to physical or emotional harm;
(7) Expeditious, predictable decision-making and avoidance of prolonged uncertainty respecting arrangements for the child's care and control; and
(8) Meaningful contact between a child and his or her siblings, including half-siblings.
(b) A secondary objective of this article is to achieve fairness between the parents consistent with the rebuttable presumption of equal (50-50) custodial allocation.

6

traumatic brain injury constituted a substantial change in circumstances. Accordingly, we vacate the July 21, 2025, modification order and remand this matter to the family court with instructions to enter an order with sufficient findings of fact and conclusions of law on the issue of substantial change in circumstances. In the event that the family court finds that a substantial change in circumstances has occurred, the family court must then address the child's best interest, which is presumed to be 50-50 allocation of custodial responsibility.[8]

In Father's next assignment of error, he argues that the court erred when it considered the temporary custodial allocations that the court imposed on the parties during the pendency of the modification proceedings because there was no agreement of the parties. Pursuant to West Virginia Code § 48-9-206(c), "[t]he court may not consider the temporary allocation of custodial responsibility imposed by a court order on the parties unless both parties agreed to the allocation provided for in the temporary order." However, we decline to address this argument due to our finding above that the family court's order is insufficient.[9]

Lastly, Father contends that the family court erred when it improperly entered the corrected order on August 26, 2025, as the family court no longer had jurisdiction and the

---

[8] Father also argues that the family court failed to modify the parenting plan in a manner consistent with the rebuttable presumption of 50-50 custodial allocation pursuant to West Virginia Code § 48-9-102a (2022). While addressing the 50-50 presumption is an essential step in the modification analysis, we decline to address it here due to our decision to remand the family court's order for a sufficient analysis on whether a substantial change in circumstances has occurred. If the family court finds on remand that a substantial change has occurred, then the court is then required to analyze the 50-50 presumption and address any applicable limiting factors found in West Virginia Code § 48-9-209 (2022). *See e.g. Dusti A. v. Jonathan A.*, No. 23-ICA-125, 2024 WL 794624, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision). If the family court finds that the 50-50 presumption is rebutted, then the family court is required to create a parenting schedule that maximizes the time each parent has with the child that is consistent with the child's welfare. *See* W. Va. Code § 48-9-102a (2022); *see e.g. Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision).

[9] We note that the family court's finding that "all provisions [in the temporary order] are in the best interest of the child and should be made part of the Final Order of Modification" is not in and of itself a violation of West Virginia Code § 48-9-206(c). To commit reversible error, a family court would have to rely entirely on the findings of fact and conclusions of law in a temporary order when making its ruling in a final order. Simply noting that the temporary order is identical, or almost identical, to the final order is not a violation of the Code.

7

order was entered without proper notice and opportunity to object to its contents. We agree that the lower court lacked jurisdiction to enter this order.

> In the absence of a statutory or constitutional provision to the contrary, when a proceeding in its entirety is removed from a lower court to an appellate court, the jurisdiction to the lower court as to such proceeding is lost and ceases until the proceeding is decided by the appellate court and the lower court does not again acquire jurisdiction of such proceeding until the decision of the appellate court is certified to the lower court and regularly entered of record.

Syl. Pt. 1, *State ex rel. Chambers v. Cnty. Court of Mingo Cnty.*, 146 W. Va. 846, 123 S.E.2d 241 (1961). Here, Father properly filed his Notice of Appeal on August 20, 2025, with this Court, six days prior to the entry of the corrected order. Pursuant to Rule 60 of the West Virginia Rules of Civil Procedure, a lower court may correct a clerical mistake or a mistake arising from oversight or omission after an appeal has been docketed in the appellate court only with the appellate court's leave. Since this Court granted the family court no such leave, the corrected order entered August 26, 2025, has no force or effect. *See also Timothy D. v. Rachelle D.,* Nos. 24-ICA-416 and 25-ICA-82, 2025 WL 3252651, at *11 (W. Va. Ct. App. Nov. 21, 2025) (memorandum decision).

For the foregoing reasons, we affirm, in part, and vacate, in part, the family court's July 21, 2025, order of modification and remand this case to the family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review. The minor modifications to which the parties agreed and set forth in the July 21, 2025, order of modification are hereby converted to a temporary order until the family court enters a new final permanent parenting plan order consistent with this decision. Further, the family court's corrected order entered August 26, 2025, is vacated.

Affirmed, in part, Vacated, in part, and Remanded with Instructions.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White